# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JANIS GONZÁLEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PUERTO RICO, et al.,<br><br>Defendants. | CIVIL NO: 15-1194 (JAG) |

**OPINION AND ORDER**

Pending before the court is defendants' motion to strike plaintiff's use of forensic psychiatrist Dr. Víctor Lladó as an expert witnesses and request for a resetting of various deadlines, plaintiff's response in opposition, and defendants' surreply. ECF Nos. 35, 40, 46. Defendants claim that they were unaware that plaintiff was considering retaining the services of a forensic psychiatrist until they were notified by plaintiff's counsel on March 2, 2017. Defendants' motion also argues that the damages requested in the complaint are exclusively "economical" in nature, that is the complaint does not allege mental or emotional damages. In support of this reading of the complaint, defendants further argue that in answering an interrogatory requesting information related to medical treatment received for any condition, plaintiff answered "irrelevant to the claims of the instant case." A corollary of this argument raised by the defendants is that by introducing expert witness evidence related to claims not included in her complaint, plaintiff is implicitly amending the complaint without exhausting her administrative remedies, thus creating a statute of limitations issue.

The deadline for plaintiff and defendants to announce expert witnesses was March 2, 2017. ECF No. 34. Therefore, plaintiff timely announced Dr. Víctor Lladó as an expert witness.

Defendants, however, correctly argue that the complaint does not explicitly pray for damages due to emotional pain and suffering. ECF No. 1. It simply alleges that plaintiff is entitled to "compensatory damages in an amount not less than five hundred thousand dollars ($500,000.00)" and "punitive damages in an amount not less than five hundred thousand dollars ($500,000)." Id. at ¶¶ 69, 70.

"When a claim may result in the recovery of both general and special damages, general damages are defined as the actual damages that are the natural consequence of the wrongful act, while special damages are those that, although resulting from the commission of the wrong, are unusual for the claim in question and not normally associated with the claim." Moore's Federal Practice § 9.08. While general damages can be alleged without particularity under Federal Rule of Civil Procedure 8(a), special damages require pleading in detail pursuant to Federal Rule of Civil Procedure 9(g). See Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1310 (3d ed.). The question, then, is whether plaintiff's request for damages relating to emotional pain and suffering, in the context of the complaint of this case, constitute general or special damages.

The complaint presents a wide spectrum of causes of action. At this juncture of the proceedings, however, only the following claims remain outstanding: (1) plaintiff's Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") claims for prospective injunctive relief against the University of Puerto Rico and co-defendants Carlos A. Sariol and José Rodríguez Orengo in their official capacities; (2) plaintiff's First Amendment, Equal Protection, and Due Process claims under 42 U.S.C. § 1983 ("Section 1983") against Sariol and Rodríguez in their personal capacities; (3) plaintiff's retaliation and discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") against the University of Puerto Rico, and Sariol and Rodríguez in their official capacities; and (4) plaintiff's claims under Article

II, Section 6, of the Constitution of Puerto Rico. ECF No. 20. Clearly plaintiff's remaining ADEA claim is equitable in nature, thus Dr. Lladó's testimony would be irrelevant for purposes of that claim. One of the surviving claims, however, is plaintiff's retaliation and discrimination claims under Title VII. This claim must be placed in the context of the factual allegations of the complaint, one of which is that plaintiff told Dr. Celeste Freytes, then President of the University of Puerto Rico, that she had been subjected to "a highly hostile, stressful and oppressive environment." ECF No. 1, at 9, ¶ 26. Compensation for emotional pain and suffering is the sort of damages that constitute the natural consequence of such alleged discriminatory acts. These are not damages unusual for the claim in question or damages not normally associated with the claim. Therefore, at least for the Title VII claims, compensation for emotional pain and suffering is damages that are general, not special, and do not have to be plead with specificity. In light of this conclusion, although there are other outstanding claims in the complaint that go beyond ADEA and Title VII, it is unnecessary to address them here because defendants' argument that the damages sought are solely "economical" in nature cannot be sustained.[i]

Finally, defendants raise the argument of plaintiff's answer to an interrogatory asking whether she had ever undergone or received any medical treatment was "irrelevant to the claims of the instant case." In response, plaintiff claims that defendants' question was "ambiguous made in a general manner…." ECF No. 40, at 5. This question is not ambiguous. It may be unreasonably or unnecessarily overbroad, but what is being requested is clear.

Plaintiff also brings to the court's attention her answer to a different interrogatory, namely question #17, where defendants asked for the damages that plaintiff claims to have suffered as a result of defendant's alleged actions. According to plaintiff, her answer to this interrogatory was:

> Since October 2013, I have been isolated and have been denied access to information, equipment and resources that are provided to other employees

> performing similar duties. Retaliatory acts have creatd a hostile work environment and have been carried out persistently against me. These negative acts include my transfer and demotion, social isolation and exclusion, undermining my work ability, withholding of necessary information, obstructionism, and lack of recognition. The aforementioned acts have caused me depressioin and stress for which I have had to seek for medical help, which have included treatment with psychologists and chiropractors. For medical expenses I have incurred in a total of $372, psyhiatrist $150, for 37 visits to chiropractor $222.

ECF No. 40, at 6.

If defendants had any doubt as to whether plaintiff was seeking compensatory damages for emotional pain and suffering, her answer to question #17 in the interrogatories should have alerted them to that fact. Thus, defendants cannot now claim that plaintiff's answers to the interrogatories misled them to believe that she was not seeking damages for pain and suffering. An expert witness in the field of psychiatry could shed some light to the jury as to how to evaluate those damages.

Plaintiff, however, was wrong in refusing to answer defendants' interrogatory asking her to detail whether she had had ever undergone or received any medical treatment. Whether, for example, plaintiff has previously received any mental health treatment from a psychologist or a pscyhiatrist, or ever been diagnosed with a mental health condition prior to the incidents alleged in the complaint, could potentially be relevant to her current claims for damages, at a minimum to ascertain to what extent her emotional pain is due to the alleged wrongful acts as opposed to preexisting conditions or circumstances.

WHEREFORE, defendants' motion seeking to strike plaintiff's use of Dr. Lladó as an expert witness is DENIED. Plaintiffs, however, shall on or before January 31, 2018 answer defendants' interrogatory asking whether she had ever undergone or received medical treatment, without limiting her answers to treatment received from mental health professionals only.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of January, 2018.

s/Marcos E. López  
U.S. MAGISTRATE JUDGE

---

[i] Likewise, if the complaint can reasonably be understood to seek compensatory damages for pain and suffering, then the complaint is not being amended by virtue of plaintiff's announcement of Dr. Lladó as an expert witness, and thus defendants' statute of limitation argument crumbles.